# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| WALTER GRIFFITH, | ) |
| Petitioner, | ) |
| v. | ) No. 4:18-cv-01658-ACL |
| RICHARD JENNINGS, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Walter Griffith's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, petitioner will be ordered to amend his petition on a Court-provided form.

### Background

On July 30, 2012, the State of Missouri filed a 24-count indictment against petitioner, charging him with statutory sodomy in the first degree, statutory rape in the first degree, child molestation in the first degree, forcible rape, and forcible sodomy. *State of Missouri v. Griffith*, No. 1222-CR04269 (22nd Judicial Cir., St. Louis City).[1] Following a jury trial, petitioner was convicted of twenty counts of sexual abuse. On June 13, 2014, he was sentenced to a term of life imprisonment on the child molestation charge, as well an aggregate prison term of over 300 years on the various other charges.

Petitioner filed a notice of appeal on June 23, 2014. The judgment was affirmed by the Missouri Court of Appeals on August 18, 2015. *State of Missouri v. Griffith*, No. ED101622 (Mo. Ct. App. E.D. 2015). Petitioner also filed a motion to vacate, set aside or correct the judgment or sentence, pursuant to Missouri Supreme Court Rule 29.15. *Griffith v. State of*

---

[1] Petitioner's state criminal case was reviewed on Missouri Case.net, Missouri's online case management system.

*Missouri*, No. 1422-CC08967 (22nd Judicial Cir., St. Louis City). The circuit court granted the motion in part, in order to resentence petitioner on Count XX, and to correct the written judgment as to Count XVIII. The balance of the motion was denied, and petitioner appealed. The Missouri Court of Appeals affirmed the judgment of the Circuit Court on June 5, 2018. *Griffith v. State of Missouri*, No. ED105488 (Mo. Ct. App. E.D. 2018). The Court of Appeals issued its mandate on June 29, 2018.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 28, 2018. (Docket No. 1). Initially, he failed to sign the petition, and was ordered to do so by the Court on December 14, 2018. Petitioner returned a signed petition on January 7, 2019. (Docket No. 5).

**Discussion**

Petitioner filed his petition for writ of habeas corpus pursuant to § 2254 on a Court form. This form provides a section for petitioner to assert his grounds for relief. This form also directs petitioner to provide facts supporting his grounds for relief, and to demonstrate that he has exhausted his state remedies. Petitioner has left this section almost entirely blank. For "ground one," petitioner states only: "My lawyer [said] civil rights." (Docket No. 5 at 4). He does not provide any facts or clarification on what that entails. This is insufficient to show that petitioner is entitled to relief pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Specifically, the petition is deficient in three respects.

First, petitioner has not complied with Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts. This rule requires petitioner to "specify all grounds for relief available to the petitioner" and to "state the facts supporting each ground." *See* Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts. Petitioner's assertion of

2

"civil rights" does not supply a ground for relief, as he does not claim that he is being held "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Nor does he provide any facts whatsoever to bolster his civil rights claim.

Second, petitioner has not complied with Rule 8(a) of the Federal Rules of Civil Procedure, which requires pleadings in federal court to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This rule is applicable to habeas actions. *See* Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts (stating that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules"). As discussed above, petitioner's "civil rights" claim, without any factual support or clarification, does not provide the necessary "plain statement" showing he "is entitled to relief." It is, to the contrary, a vague and conclusory allegation that provides no indication as to why petitioner believes he is being held in custody unconstitutionally.

Finally, petitioner has not demonstrated that he has exhausted his state remedies. "It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court." *White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires him to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdulla v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or

a state case raising a pertinent federal constitutional issue." *Barret v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

Petitioner has filed both a direct appeal and a Rule 29.15 petition in state court. However, he does not provide the grounds upon which those appeals were premised. Moreover, it is unclear, based on the vagueness of his "civil rights" claim, whether the ground presently before the Court has been exhausted.

For all these reasons, petitioner has not shown that he is entitled to relief. Therefore, the Court will order him to amend his petition on a Court-provided § 2254 form. Petitioner is directed to fill out the form, sign it, and return it to the Court. In completing the form, petitioner must allege his grounds for relief and provide facts to support each ground. He is cautioned that only those grounds that he has exhausted in state court will be allowed to proceed in federal court. That is, the grounds he presents in his § 2254 petition must be the same as those he presented to the Missouri Appellate Courts in his direct appeal and the appeal on his Rule 29.15 motion. Petitioner is also cautioned that if he fails to assert all grounds for relief, he may be barred from presenting additional grounds at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner shall amend his petition on the Court-provided form in compliance with the directions in the court order, and return the signed amended petition within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this order, his action will be summarily dismissed.

Dated this 8th day of February, 2019.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE