# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER GRIFFITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01658-AGF |
| | ) | |
| RICHARD JENNINGS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Walter Griffith's "motion to stay amended/supplemental pleadings or, in the alternative, motion for extension of time." (Docket No. 8). Petitioner has also filed a motion to appoint counsel. (Docket No. 9). For the reasons discussed below, petitioner's motion to stay and motion for extension of time will be denied. However, petitioner will be given an opportunity to file a third amended petition within thirty days, containing all his grounds for relief. Additionally, the Court will deny petitioner's motion for appointment of counsel at this time.

### Background

On July 30, 2012, the State of Missouri filed a 24-count indictment against petitioner, charging him with statutory sodomy in the first degree, statutory rape in the first degree, child molestation in the first degree, forcible rape, and forcible sodomy. *State of Missouri v. Griffith*, No. 1222-CR04269 (22nd Judicial Cir., St. Louis City).[1] Following a jury trial, petitioner was convicted of twenty counts of sexual abuse. On June 13, 2014, he was sentenced to a term of life

---

[1] Petitioner's state criminal case was reviewed on Missouri Case.net, Missouri's online case management system.

imprisonment on the child molestation charge, as well an aggregate prison term of over 300 years on the various other charges.

Petitioner filed a notice of appeal on June 23, 2014. The judgment was affirmed by the Missouri Court of Appeals on August 18, 2015. *State of Missouri v. Griffith*, No. ED101622 (Mo. Ct. App. E.D. 2015). Petitioner also filed a motion to vacate, set aside or correct the judgment or sentence, pursuant to Missouri Supreme Court Rule 29.15. *Griffith v. State of Missouri*, No. 1422-CC08967 (22nd Judicial Cir., St. Louis City). The circuit court granted the motion in part, in order to resentence petitioner on Count XX, and to correct the written judgment as to Count XVIII. The balance of the motion was denied, and petitioner appealed. The Missouri Court of Appeals affirmed the judgement of the circuit court on June 5, 2018. *Griffith v. State of Missouri*, No. ED105488 (Mo. Ct. App. E.D. 2018). The Court of Appeals issued its mandate on June 29, 2018.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 28, 2018. (Docket No. 1). Initially, he failed to sign the petition, and was ordered to do so by the Court on December 14, 2018. Petitioner returned a signed petition on January 7, 2019. (Docket No. 5).

On February 8, 2019, the Court directed petitioner to file a second amended petition that included his proposed grounds for relief. (Docket No. 6). Petitioner was given thirty days in which to file his second amended petition. Petitioner duly complied with the Court's order by filing a second amended petition for writ of habeas corpus that included an ineffective assistance of counsel claim. At the same time, petitioner also filed a motion to stay, or in the alternative, a motion for an extension of time. (Docket No. 8). In the motion, petitioner states that he has

2

additional grounds he wishes to pursue, but that he is awaiting legal documents from his public defender. He requests an additional thirty days in which to supplement his pleadings.

**Discussion**

Petitioner is requesting additional time in which to supplement his petition for writ of habeas corpus with additional grounds for relief. (Docket No. 8). The Court will not allow petitioner to bring his claims piecemeal. Therefore, his motion to stay the proceedings or for an extension of time to supplement his petition will be denied.

However, petitioner will be allowed to file a third amended petition containing **all** his grounds for relief. The Clerk of Court will be directed to send to petitioner a copy of the Court's 28 U.S.C. § 2254 form. Petitioner is directed to fill out the form, sign it, and return it to the Court. In completing the form, petitioner must allege all his grounds for relief and provide facts to support each ground. He is cautioned that only those grounds he has exhausted in state court will be allowed to proceed in federal court. That is, the grounds he presents in his § 2254 petition must be the same as those he presented to the Missouri Appellate Courts in his direct appeal and the appeal on his Rule 29.15 motion. Petitioner is also cautioned that if he fails to assert all grounds for relief, he may be barred from presenting additional grounds at a later date. Petitioner will be given **thirty (30) days** from the date of this order in which to file his third amended petition for writ of habeas corpus.

Petitioner has also filed a motion for appointment of counsel. (Docket No. 9). The motion will be denied at this time. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that

plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "motion to stay amended/supplemental pleadings or, in the alternative, motion for extension of time" (Docket No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 9) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner shall amend his petition on the Court-provided form, in compliance with the directions in the Court order.

**IT IS FURTHER ORDERED** that petitioner shall return the signed, third amended petition within **thirty (30) days** of the date of this order. The third amended petition should contain **all** grounds for relief that petitioner intends to advance.

Dated this 27th day of March, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE