UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER GRIFFITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-01658 SEP |
| | ) | |
| RICHARD JENNINGS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Appointment of Counsel, Doc. [30], and his Request for Evidentiary Hearing, Doc. [32]. For the reasons stated below, the motions will be denied without prejudice.

### I. Appointment of Counsel

A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the legal and factual complexity of the case, the ability of the pro se litigant to investigate the facts and present his claim, and the existence of conflicting testimony. *Phillips,* 437 F.3d at 794 (8th Cir. 2006).

After considering these factors, the undersigned finds that the appointment of counsel is not warranted at this time. In the instant case, Petitioner's grounds for habeas relief do not

appear to be factually or legally complex. Additionally, Petitioner has thus far been able to articulate his claims in a clear and concise manner. Because Petitioner has demonstrated that he can adequately present his claims without an attorney, the Court finds that the interests of justice do not warrant appointment of counsel at this time.

## II.     Request for Evidentiary Hearing

Also before the Court is Petitioner's Request for Evidentiary Hearing. "Although state prisoners may sometimes submit new evidence in federal court, AEDPA's [the Antiterrorism and Effective Death Penalty Act's] statutory scheme is designed to strongly discourage them from doing so." *Cullen v. Pinholster,* 563 U.S. 170, 185 (2011) (citing 28 U.S.C. § 2254(d)(1) & 2254(e)(2)). *See also Perry v. Kemna*, 356 F.3d 880, 889 (8th Cir. 2004) (AEDPA "sharply limit[s]" a federal district court's power to conduct an evidentiary hearing in a habeas case.) AEDPA sets forth several specific restrictions on the federal district court's ability to hold an evidentiary hearing on a federal habeas claim. *See Pinholster,* 563 U.S. at 181 (holding that review under § 2254(d)(1) is generally limited to the record that was before the state court that adjudicated a claim on the merits). AEDPA provides that:

> the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Upon review of the record, the undersigned concludes that no ground of the petition requires further evidentiary development for its resolution, and Petitioner fails to demonstrate

that an evidentiary hearing is justified under the requirements of 28 U.S.C. § 2254(e)(2). In the event that the Court later determines that a hearing is necessary to resolve Petitioner's petition for writ of habeas corpus, the Court will appoint counsel and permit Petitioner to have an evidentiary hearing. However, at this time, Petitioner's request for an evidentiary hearing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel, Doc. [30], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Request for Evidentiary Hearing, Doc. [32], is **DENIED** without prejudice.

Dated this 6th day of March, 2020.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE